FILED IN OPEN COURT

ON 7/27/2023

Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:23-CR-39-BO-BM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| LOPEZ DIARE JONES ) | |
| a/k/a "L" ) | |

The Grand Jury Charges:

### COUNT ONE

Beginning in or about 2021, the exact date being unknown to the Grand Jury, and continuing up to and including on or about August 31, 2021, in the Eastern District of North Carolina and elsewhere, the defendant, LOPEZ DIARE JONES, also known as "L," did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with other persons, known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute a quantity of heroin, a Schedule I controlled substance, a quantity of fentanyl, and a quantity of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT TWO

On or about August 23, 2021, in the Eastern District of North Carolina, the defendant, LOPEZ DIARE JONES, also known as "L," did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance, and a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

On or about August 31, 2021, in the Eastern District of North Carolina, the defendant, LOPEZ DIARE JONES, also known as "L," did knowingly and intentionally distribute a quantity of heroin, a Schedule I controlled substance, a quantity of fentanyl, and a quantity of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the

intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 7/26/2023

MICHAEL F. EASLEY, JR.
United States Attorney

BY: JIMMIE I. BELLAMY, JR.
Assistant United States Attorney